UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA VARELA,<br>　　　　　Plaintiff,<br>　　v.<br>DEIRDRE FYKE,<br>　　　　　Defendant. | Case No. SACV 17-1217-PSG (KK)<br><br>MEMORANDUM AND ORDER DISMISSING ACTION WITHOUT PREJUDICE |

**I.**

**INTRODUCTION**

On July 17, 2017, Defendant Deirdre Fike, Federal Bureau of Investigations Assistant Director in Charge ("Defendant") removed the instant action to this Court pursuant to 28 U.S.C. § 1442(a)(1). ECF Docket No. ("Dkt.") 1. This Court, having reviewed the documents filed in both this Court and the Orange County Superior Court, finds the action is subject to dismissal because there is no operative complaint.

**II.**

**PROCEDURAL HISTORY**

On June 2, 2017, Plaintiff Maria Varela ("Plaintiff") filed a Request for a Civil Harassment Restraining Order ("Request") against Defendant in Orange

County Superior Court, Maria Varela v. Deirdre Fike, Case No. 30-2017-00923808. Dkt. 1-1, Notice of Removal Exhibit ("Ex.") 1 at 1-6. Plaintiff sought a temporary restraining order ("TRO") to "stop satellite terrorism and attacks with satellites from the FBI." Id., Ex. 1 at 6. On June 5, 2017, the Orange County Superior Court issued a TRO against Defendant. Id., Ex. 1 at 12-21. The court set an Order to Show Cause ("OSC") hearing for June 28, 2017, and ordered the TRO would expire after the hearing. Id. On June 15, 2017, the superior court continued the OSC to July 19, 2017. Id. at 27-28.

On July 17, 2017, Defendant removed the instant action to this Court. Dkt. 1.

On September 14, 2017, the Court issued an Order to Show Cause why the action should not be dismissed. Dkt. 9. The Court granted Plaintiff until October 5, 2017 to file a response and expressly cautioned Plaintiff that "**failure to timely file a response to this Order will result in the Court dismissing this action without prejudice for failure to prosecute and comply with court orders.**" Id. at 3 (emphasis in original). Plaintiff has not filed a timely response or requested an extension of time to do so.

### III.
### DISCUSSION

**A. THE TRO IS EXPIRED**

A state court-issued TRO expires upon expiration of its effective period under state law, but no later than fourteen days after the date of removal, unless extended by the court for good cause, or by consent of the adverse party. Fed. R. Civ. P. 65(b)(2); Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70, 415 U.S. 423, 426, 435-38, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974); see also Logvinov v. Wells Fargo Bank, No. C-11-04772-DMR, 2011 WL 6141003, at *1 (N.D. Cal. Dec. 9, 2011). Pursuant to Section 527(d)(4) of the California Code of Civil Procedure, if an opposing party obtains a continuance of

the hearing on the preliminary injunction, "the temporary restraining order shall remain in effect until the date of the continued hearing." Cal. Code Civ. Proc. § 527(d)(4).

Here, the TRO would have expired after the continued July 19, 2017 hearing, but in no event later than fourteen days after July 17, 2017, when Defendant removed the action to federal court. Plaintiff has not moved to extend the TRO. Therefore, the latest date on which the TRO expired was July 31, 2017.

**B.     THERE IS NO OPERATIVE COMPLAINT**

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "A complaint must contain the following: (1) a statement of the grounds for jurisdiction, (2) a short and plain statement of the claim showing why the Plaintiff is entitled to relief, and (3) a demand for relief." Fed. R. Civ. P. 8(a). Absent an operative complaint, an action is subject to dismissal. See Jaquess v. United States, No. 2:16-CV-01710-APG-VCF, 2016 WL 7115890, at *1 (D. Nev. Oct. 24, 2016), report and recommendation adopted, 2016 WL 7116004 (D. Nev. Dec. 6, 2016) (finding the action subject to dismissal because there was no operative complaint as required to initiate an action in federal court pursuant to Federal Rule of Civil Procedure 3).

Here, the Request for a Civil Harassment Restraining Order that Plaintiff filed in Orange County Superior Court is not a complaint. Id. Moreover, as discussed above, the relief sought in the Request has expired.[1] Therefore, there is no operative complaint in this action, and the action is subject to dismissal.

///
///

---

[1] In addition, the Court lacks authority to extend the TRO absent an operative complaint. See Carnero v. Elk Grove Fin., LLC, No. 16-CV-03606-BLF, 2017 WL 1315575, at *4 (N.D. Cal. Apr. 6, 2017) (denying TRO where no operative complaint); Perez v. San Miguel Homes for the Elderly, LLC, No. 15-CV-05556-DMR, 2016 WL 3709622, at *1 (N.D. Cal. Feb. 9, 2016) ("[T]he claims that form the basis for the request for a TRO must be part of the operative complaint.").

## IV.
## **CONCLUSION**

Thus, it is ORDERED that Judgment be entered DISMISSING this action without prejudice.

Dated: 10/13/17

_____
HONORABLE PHILIP S. GUTIERREZ
United States District Judge

Presented by:

_____
KENLY KIYA KATO
United States Magistrate Judge